ELLIS, Judge.
An accident occurred on June 27, 1957, as well as can be determined from the record, in which the plaintiff was injured by cement getting into his right eye. It is alleged that his vision has been impaired, and he is unable to continue his usual ’work and is now employed in another type of industry at a decreased rate of pay. No compensation whatever was paid and the defendants contend no compensation was due since the disability did not last for as long as one week. The trial court, with written reasons, concluded that the evidence proved the plaintiff did not lose more than five days work as a result of the accident; that no disability resulting from the accident extended beyond July 5th, and that plaintiff’s suit should be dismissed.
It is true that the trial court in its written reasons stated it was possible that the injury occurred two days earlier. These same reasons say the testimony of the plaintiff was vague and indefinite as to the date of the accident, however, we are of the opinion, in view of all the testimony, that the plaintiff was injured on June 27th.
Amy, the claimant, was first treated by Dr. Carrier and continued his regular employment for two days following the accident. This physician referred him to Dr. Joseph who examined the plaintiff on July 1, 2, and 5, 1957. On July 5, Dr. Joseph declared the patient recovered from the injury and able to resume his regular employment. July 5, 1957, was a Friday, and as Amy did not work on Saturday his next regular day of employment was Monday, July 8, 1957. If he worked two days after the accident, he was away from his work due to the accident only the first five days of July in 1957.
According to Act 23:1224, “No compensation shall be paid for the first week after the injury is received; provided, that in cases where disability from injuries continues for six weeks or longer after date of the accident, compensation for the first week shall be paid after the first six weeks have elapsed.”
The medical testimony reflects that Dr. Joseph, an eye specialist, did treat the plaintiff after July 5, and until October 10, 1957, but this treatment was for eye trouble other than by the plaintiff getting cement in his right eye. The testimony of this specialist shows the claimant is afflicted with a pterygium condition in both of his eyes but that these have no causal connection with the accident. (A pterygium is a triangular fleshy mass of thickened conjunctiva, usually at the inner side of the eye ball and covering part of the cornea, causing a disturbance of vision.)
Dr. Anderson confirmed Dr. Joseph’s conclusions and further testified that in the course of his examinations the plaintiff claimed he had no vision in one of his eyes. However, this specialist through means of tests in which the plaintiff was not aware that the eye was being examined, determined he had normal vision in the particular eye complained of.
Both doctors were of the firm opinion that pterygium condition was of many *110 years duration, and Dr. Anderson found that it did not interfere with Amy’s vision. Also there is no medical evidence whatsoever but that the accident caused only a slight irritation of the right eye which caused the plaintiff to lose about five days of work. No causal relation was ever established between the injury and the condition of plaintiff’s eye before and after the accident.
We conclude the plaintiff has failed to prove his claim by a reasonable preponderance of the evidence and agree with the findings of the lower court.
Judgment affirmed.